[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION
This is an action for dissolution of marriage and ancillary relief. After trial held the Court makes the following findings and orders:
The parties intermarried in Manchester, Connecticut on April 12, 1980.
The plaintiff has resided continuously in Connecticut for at least twelve months next preceding the filing of the complaint.
There are three minor children issue of the marriage, namely:
Robert Hoke born March 23, 1981
Kylie J. Hoke born October 23, 1982
Andrew A. Hoke born January 11, 1984
Neither party is receiving support or maintenance for themselves or any minor child from any Connecticut or local governmental agency.
There is no dispute that the marriage between the parties has broken down irretrievably and the Court so finds and orders a dissolution of marriage on said grounds.
The parties decided to divorce in 1991. At that time they were living in Westernville, New York. From the testimony, it appears that New York does not permit a no-fault divorce unless a legal separation has been entered into and, following a period of one year, the legal separation can be changed to a dissolution. Pursuant to this New York procedure, the parties consulted with an attorney who prepared a Separation Agreement which the parties CT Page 10488 entered into and filed with the Supreme Court, State of New York on April 26, 1991. The Separation Agreement was dated April 23, 1991.
In July 1991, the plaintiff moved to Connecticut with the three minor children and, in October 1992, commenced an action in Connecticut for dissolution.
The principal issue between the parties is the validity, force and effect of the Separation Agreement (defendant's exhibit 1). The plaintiff claims it is void as against public policy and that the attorney who drafted it was a friend and business associate of the defendant who did not act in her best interest. The defendant disputes the allegations, claims that the defendant understood and agreed to the terms of the agreement, and that in reliance on the agreement joint property was distributed. The defendant essentially requests that the terms of the agreement be made orders of the Court with the exception of child support payments which he asks be established according to the guidelines for child support.
With respect to the Separation Agreement, the Court does not find that the plaintiff has proven that the attorney acted against her interest or that the agreement violates the public policy of this state.
Mr. Hoke suggested they use Atty. Engelbrecht, a lawyer with whom he was familiar through his part-time employment as the zoning enforcement officer for the town of Westernville. Mr. and Mrs. Hoke discussed their situation and agreed to call Atty. Engelbrecht. Mr. Hoke called his office to set up an appointment which both parties attended. Thereafter Mrs. Hoke met with the attorney alone. The agreement was prepared and the only time that Mr. Hoke was alone with Atty. Engelbrecht on this matter was when he went to his office to sign the agreement, which Mrs. Hoke had discussed and approved.
The agreement does not provide for alimony, but the parties discussed and agreed to a split of the real estate substantially in favor of Mrs. Hoke in order to compensate for the lack thereof.
Mrs. Hoke acknowledged entering into the agreement voluntarily, without duress and understood it to be fair and equitable, (defendant's exhibit 1, par. 16). In reliance on it, the jointly owned home was sold which netted $69,000.00 after costs of closing and mortgage pay-off of this amount Mrs. Hoke received $65,000.00. CT Page 10489
The plaintiff deeded her interest in a jointly owned farm which they purchased in 1990 for $79,000.00 subject to a mortgage at the time of the agreement of $53,000.00 at 9%. This property has a fair market value of not more than $79,000.00.
The Court finds that the separation agreement entered into is reasonably fair and equitable to both parties, with the exception of the provision for child support, and therefore the agreement, except for the provisions of Paragraph 8, is incorporated by reference into the decree of dissolution.
Custody and Child Support: The parties shall have joint custody of the three minor children with primary residence to be with the wife. The husband shall be entitled to three weeks visitation during the summer and the parties shall split equally Christmas, midwinter and spring break in accordance with the children's school vacations. All three-day school vacations shall be split equally. The parties will meet at a halfway point to exchange the children for pick up and delivery.
The husband shall keep health insurance on the children through his place of employment. The parties shall split equally any uninsured medical expenses for said children. The provisions of 46b-84c of the Connecticut General Statutes shall apply.
The husband shall be entitled to claim all three children on his federal income tax returns, but if the wife earns more than $6,000.00 in any given year, then she shall be entitled to claim one child and the husband shall be entitled to claim the other two.
The Court computes child support to be between $255.00 and $260.00 per week in accordance with established support guidelines, however the Court is of the opinion that because of the special needs of Andrew, some deviation is warranted and orders that the defendant pay child support in the amount of $270.00 weekly. Per agreement of counsel this order is retroactive to March 29, 1993. Any arrearage as the result of this order is to be paid at the rate of $15.00 per week.
The defendant shall pay his share of any uninsured or unreimbursed medical expenses within thirty days of receipt of documentation of such expenses. Any such expenses now past due shall be paid within thirty days. CT Page 10490
Each party shall be responsible for his or her own counsel fees.
Alimony is not awarded to either party.
The plaintiff shall have her maiden name, Karen DiBella, restored to her.
Klaczak, J.